**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Thomas Dukes, Appellant,

v.

Rocket Mortgage, LLC and Palmetto State Insurance Agency, LLC, Defendants,

of which Rocket Mortgage, LLC is the Respondent.

Appellate Case No. 2024-000614

———————

Appeal From Lexington County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-370
Submitted June 1, 2026 – Filed July 15, 2026

———————

**AFFIRMED**

———————

Thomas Dukes, of Lexington, pro se.

Brent B. Young, of Baker Donelson Bearman Caldwell & Berkowitz, PC, of Johnson City, Tennessee, for Respondent.

———————

**PER CURIAM:** Thomas Dukes appeals the circuit court's order dismissing his causes of action for negligence, gross negligence, and breach of contract against

Rocket Mortgage, LLC (Rocket).  On appeal, Dukes argues (1) the circuit court erred in "finding Rocket negligent" for paying Dukes' homeowners insurance policy; (2) the circuit court erred in "finding Rocket negligent" for ignoring Dukes' requests to correct his monthly payment; (3) the circuit court erred in "finding Rocket negligent" for allowing a breach of contract; (4) Rocket's attorney and employee conspired to deceive and defraud the court; (5) Rocket's employee perjured herself to federal investigators; and (6) the circuit court was prejudicial towards him because he was a pro se plaintiff.[1]  We affirm pursuant to Rule 220(b), SCACR.

We find Dukes failed to challenge the circuit court's dismissal for failure to properly state a claim for relief in his issues on appeal.  Accordingly, the circuit court's ruling on this issue is the law of the case and is affirmed.  *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *Crescent Homes SC, LLC v. CJN, LLC*, 445 S.C. 164, 195 n.20, 912 S.E.2d 389, 405 n.20 (Ct. App. 2024), (declining to address issues asserted in the argument section that were not in the issues on appeal), *reh'g denied* (Mar. 12, 2025); *Dreher v. S.C. Dep't of Health & Env't Control*, 412 S.C. 244, 250, 772 S.E.2d 505, 508 (2015) ("Thus, should the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case."); *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").  This issue is dispositive and we decline to address the remaining issues on appeal.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address remaining issues when the decision of a prior issue is dispositive).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We note the order on appeal made no finding of Rocket's negligence and only granted dismissal under Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.